UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 00-0141 L |
| | ) | |
| GREGORY FLOYD | ) | |

MOTION TO VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255;
DEFENDANT CONVICTED UNDER 18 U.S.C. § 924(c)

Now comes Defendant through undersigned counsel, and moves to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (*Johnson II*).

Mr. Floyd was convicted of use and possession of a firearm during and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The predicate crimes of violence were carjacking, death resulting, and conspiracy to commit carjacking in violation of 18 U.S.C. §§ 371 & 2119(3).

In *Johnson II*, the Supreme Court struck the "residual clause" of the Armed Career Criminal Act ("ACCA") violent felony definition, *see* 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the rule announced in *Johnson II* is substantive and therefore retroactive to cases on collateral review. The residual clause at 18 U.S.C. § 924(c)(3)(B) is substantially similar to the ACCA's residual clause, struck in *Johnson II*. Following *Johnson II*, §924(c)(3)(B) is also void for vagueness. *See In re Hubbard,* No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016); *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015); *United States v. Vivas-Ceja*, 808 F.3d 719, 720, 723 (7th Cir. 2015). Because the Supreme Court declared *Johnson II* retroactive as a substantive rule, the vagary of §924(c)(3)(B)

should also apply retroactively. *See, e.g., Bousley v. United States*, 523 U.S. 614, 620 (1998) (decision narrowing the elements of § 924(c) was retroactive).

Mr. Floyd's carjacking convictions satisfied 18 U.S.C. § 924(c) based on the now defunct residual clause. After *Johnson II*, defendant no longer has the predicate convictions to satisfy 18 U.S.C. § 924(c) and is therefore actually innocent of that offense. He is presently in the custody of the Bureau of Prisons serving an invalid sentence that is based on this conviction.

A Memorandum in Support of this Motion will be filed in accordance with this court's scheduling order.

                                                      Respectfully submitted
Gregory Floyd
By his attorney,

*/s/ Kevin J. Fitzgerald*
Kevin J. Fitzgerald, #5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281; FAX 528-4285
Kevin_Fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this MOTION was delivered by electronic notification to Donald Lockhart, Assistant United States Attorney, on June 24, 2016.

*/s/ Kevin J. Fitzgerald*